**[J-59-2023] [MO: Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| EARL JOHN DWYER AND CHRISTINE DWYER, HUSBAND AND WIFE, | : | No. 2 WAP 2023 |
| | : | |
| | : | Appeal from the Order of the |
| Appellants | : | Superior Court entered July 8, 2022 |
| | : | at No. 519 WDA 2021, affirming the |
| | : | Judgment of the Court of Common |
| v. | : | Pleas of Allegheny County entered |
| | : | April 26, 2021 at No. GD01-006612. |
| | : | |
| AMERIPRISE FINANCIAL, INC., | : | ARGUED:  October 18, 2023 |
| AMERIPRISE FINANCIAL SERVICES, | : | |
| INC., RIVERSOURCE LIFE INSURANCE | : | |
| COMPANY, JAMES E. ANDERSON, JR., | : | |
| AND DUANE DANIELS, | : | |
| | : | |
| Appellees | : | |

**CONCURRING AND DISSENTING OPINION**

**JUSTICE BROBSON**                              **DECIDED: APRIL 25, 2024**

The Majority makes four related holdings:  (1) trial courts do not enjoy absolute discretion in deciding whether to award a plaintiff up to three times the plaintiff's actual damages (augmented damages) pursuant to Section 9.2(a) of Pennsylvania's Unfair Trade Practices and Consumer Protection Law (CPL),[1] 73 P.S. § 201-9.2(a);[2] (2) in

---

[1] Act of December 17, 1968, P.L. 1224, *as amended*, added by the Act of November 24, 1976, P.L. 1166.

[2] Section 9.2(a) of the CPL, entitled private actions, provides:

> Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action to recover actual

(continued…)

determining whether to increase a plaintiff's damages pursuant to Section 9.2(a), a trial court's discretion is constrained by the legislative objectives underlying Section 9.2(a); (3) the award of attorneys' fees pursuant to the CPL is irrelevant in assessing whether a plaintiff is entitled to augmented damages pursuant to Section 9.2(a); and (4) when examining whether to increase a plaintiff's damages under Section 9.2(a), trial courts are precluded from considering that a jury awarded the plaintiff common law punitive damages. I agree with the first three holdings. Moreover, because the trial court in this matter committed reversible error by violating these legal principles when it denied Earl John Dwyer and Christine Dwyer (Dwyers) augmented damages under Section 9.2(a), I, like the Majority, would remand the matter to the trial court with instruction.

I part ways with the Majority regarding whether a trial court can consider that a jury awarded punitive damages to a plaintiff when analyzing whether the plaintiff should receive augmented damages under Section 9.2(a) of the CPL. To be sure, a trial court cannot treat punitive damages as interchangeable with augmented damages under the CPL, as the trial court did in this matter. In my view, however, a trial court is not required to ignore the award of punitive damages in performing an augmented damage assessment under Section 9.2(a). Indeed, for the reasons that follow, I conclude that an award of punitive damages may be relevant in informing, in part, a court's decision whether to increase a plaintiff's damages under Section 9.2(a). Thus, unlike the Majority, my remand instructions to the trial court would not include a directive that the trial court

damages or one hundred dollars ($100), whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees.

73 P.S. § 201-9.2(a)

is barred from considering the fact that the jury awarded punitive damages to the Dwyers when it reassesses whether the Dwyers should receive augmented damages pursuant to Section 9.2(a). Consequently, on that point, I respectfully dissent.

I begin by outlining where I agree with the Majority. As the Majority persuasively develops, the CPL does not provide trial courts with unfettered discretion to determine whether (up to) treble damages are proper pursuant to Section 9.2(a) of the CPL. (Majority Opinion at 11-12.) Indeed, I fully concur with the Majority that a court's discretion in this regard is cabined by the legislative intent of Section 9.2(a), specifically, and the CPL, generally. Investigating that intent reveals three objectives that animate the augmented damages clause of Section 9.2(a): "to incentivize private actions for unfair and deceptive trade practices, to compensate plaintiffs, and to deter wrongful conduct." (*Id.* at 14.) A trial court's decision regarding the award of augmented damages pursuant to Section 9.2(a) must comport with these legislative goals. Lastly, the Majority correctly concludes that the CPL plainly provides that an award of attorneys' fees and costs under that statute are "in addition to other relief" provided in Section 9.2(a), including the availability of augmented damages. 73 P.S. § 201-9.2(a); (Majority Opinion at 19.) Thus, an award of attorneys' fees under the statute has no bearing on a court's augmented damages assessment.

Here, the trial court misunderstood the boundaries of its discretion in assessing whether to award the Dwyers augmented damages under Section 9.2(a) of the CPL. The trial court's error in this regard is made clear in the opinion that it authored pursuant to Pennsylvania Rule of Appellate Procedure 1925(a). In that opinion, the trial court rejected the Dwyers' contention that it erred by refusing to award them augmented damages pursuant to Section 9.2(a) by simply stating that "the jury had already awarded punitive damages" and that the trial court enjoyed "absolute discretion" in deciding whether the

Dwyers should receive augmented damages under Section 9.2(a).[3]  (Pa.R.A.P. 1925(a) Opinion, 8/25/2021, at 4 (emphasis omitted).)  The trial court's reasoning demonstrates that its decision was untethered from the legislative objectives of Section 9.2(a). Accordingly, I am aligned with the Majority's decision to remand this matter to the trial court with instruction to reassess whether the Dwyers should receive augmented damages pursuant to Section 9.2(a).

Turning to my disagreement with the Majority, while the trial court in this matter erroneously treated punitive damages and CPL augmented damages as one in the same, the CPL does not contain any language that compels a trial court to ignore entirely the fact that a jury awarded punitive damages to a plaintiff when the trial court is asked to determine whether the plaintiff should receive augmented damages under the CPL. Moreover, as noted above, one of the three legislative objectives that a trial court must consider in making a Section 9.2(a) assessment is whether the damages awarded deter the wrongful conduct of the defendant and other sellers of goods and services.  (*See* Majority Opinion at 13 (explaining that "the availability of enhanced damages under the CPL serves to deter wrongful conduct")); (*id.* at 14 ("[I]t is not solely the defendant whose wrongful conduct is being deterred.  The availability of enhanced damages under the CPL also serves to deter the same kind of wrongful conduct by other sellers of goods and services in the marketplace, thereby protecting the public at large.").)  Importantly, this Court has held that the deterrence aspect of Section 9.2(a) contains a punitive element. *See Meyer v. Cmty. Coll. of Beaver Cnty.*, 93 A.3d 806, 815 (Pa. 2014) (explaining that Section 9.2(a)'s augmented damages clause, "although designed, in part, for other more remedial purposes, do[es] contain a deterrent, punitive element"); *Schwartz v.*

---

[3] In this opinion, the trial court did not mention that its decision to deny the Dwyers augmented damages pursuant to Section 9.2(a) was based upon the fact that they also received attorneys' fees.  The Majority, however, accurately highlights that the trial court did make such a statement in its December 18, 2019 order.  (Majority Opinion at 3.)

*Rockey*, 932 A.2d 885, 897 (Pa. 2007) (expressing that "the trebling of damages [pursuant to the CPL] obviously has a strong punitive dynamic").

It is well settled that common law punitive damages are utilized to punish a defendant and to deter future wrongdoing. *Bert Co. v. Turk*, 298 A.3d 44, 58 (Pa. 2023) (describing punitive damages as "private fines intended to punish the defendant and to deter future wrongdoing") (internal quotation marks and citation omitted). In my view, the shared features of punitive damages and the deterrence aspect of the augmented damages clause of Section 9.2(a) are obvious—they both are aimed, at least in part, at punishing a defendant and deterring future misconduct. Consequently, where, as here, a successful CPL plaintiff is also successful on common law claims based on the same wrongful conduct and secures a punitive damages award, the trial court should be permitted to consider that award in assessing, "in its discretion," whether augmented damages under Section 9.2(a) of the CPL are "necessary or proper." Section 9.2(a) of the CPL. That consideration, however, should be limited to informing, in part, the trial court's conclusion as to whether augmented CPL damages are "necessary or proper" to deter future wrongdoing. Nothing in the text, structure, or purpose of the CPL convinces me otherwise.[4]

---

[4] I do not share the Majority's concern that a trial court's consideration of a punitive damages award in denying augmented CPL damages could work to a successful plaintiff's prejudice if an appellate court later reverses the punitive damages award. In such a scenario, the courts and litigants would be on notice of this Court's decision on this question and would be guided accordingly should any party appeal the punitive damages award. Moreover, where the reversal of a punitive damages award calls into question other aspects of the trial court's judgment in favor of the plaintiff, I discern no reason why the appellate court could not remand the matter to the trial court to reconsider those aspects in light of the appellate court's disposition. *See* Section 706 of the Judicial Code, 42 Pa. C.S. § 706 ("An appellate court may affirm, modify, vacate, set aside or reverse any order brought before it for review, and may remand the matter and direct the entry of such appropriate order, or require such further proceedings to be had as may be just under the circumstances.").

For the reasons stated above, I would vacate the judgments of the Superior Court and trial court. In addition, I would remand the matter to the trial court with direction to reassess whether the Dwyers should receive augmented damages under the CPL in a manner that is consistent with this Opinion.